VIRGINIA LEMING, PLAINTIFF-RESPONDENT, v. FEDERAL
PACIFIC ELECTRICAL COMPANY, DEFENDANT-APPEL-
LANT.

Argued November 9, 1971—Decided December 6, 1971.

*Mr. Roland Vreeland* argued the cause for appellant
(*Messrs. Connolly, Vreeland & Connolly,* attorneys).

*Mr. Jacob L. Balk* argued the cause for respondent (*Mr. Seymour B. Jacobs* of counsel and on the brief; *Messrs. Balk, Jacobs, Goldberger & Mandell,* attorneys).

PER CURIAM. In this heart-death workmen's compensation case the plaintiff was granted an award in the Division of Workmen's Compensation. The County Court affirmed and the Appellate Division in an unreported *per curiam* opinion agreed, finding sufficient credible evidence on the whole record to support the judgment.

The action was brought by decedent's widow claiming that her husband, who was 43 years of age, suffered a fatal heart attack which arose out of and in the course of his employment. The proof adduced at the hearing revealed that prior to his attack Harold C. Leming, an engineer in defendant's employ, had preexisting arteriosclerosis of the coronary arteries, but had never experienced any difficulty requiring medical attention. However, beginning about two weeks before his death he worked overtime almost every night, which he had never been required to do before. Without detailing herein the evidence at the hearing, it was susceptible of the conclusion that the extra work and pressure associated with it had a marked debilitating effect upon him. The day before the attack he left his home at 6 A.M. for a business trip to Washington, returning home exhausted at 8 P.M. The next day he reported for work and became ill around the lunch period with symptoms pointing to a heart seizure, and a fellow employee undertook to drive him home. On the way home the condition worsened to the point where it was necessary to stop at a gasoline station and call an ambulance. When the ambulance arrived, the doctor who accompanied it pronounced Leming dead. Autopsy showed the cause of death as acute coronary occlusion with underlying arteriosclerotic heart disease.

Medical testimony related the occlusion to the work and, as indicated, the three tribunals below found it adequate to support that conclusion. We granted certification, 58 *N. J.*

600, to look at the matter within the relatively limited scope of review authorized by our decisions. *Close v. Kordulak Bros.,* 44 *N. J.* 589, 599 (1965). Having done so, and giving due consideration to the concordant factual findings of the tribunals below, we cannot say that the judgment in favor of the plaintiff is so lacking in evidentiary support as to justify our intervention and reversal. Accordingly, the award is affirmed.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and MOUNTAIN—7.

*For reversal*—None.